Lundberg Stratton, J.,
dissenting.
{¶ 40} I respectfully dissent from the majority’s decision to grant the writ of mandamus. I believe that it is too late for us to issue a mandamus in this case. This court should hold that the beginning of the voting process terminates our ability to rule further on election challenges.
{¶ 41} Although the issues were briefed before balloting started, we have not had sufficient time to review the issues. Indeed, most of the ballots were probably printed by the time the briefs were filed in this case. “A State indisputably has a compelling interest in preserving the integrity of its election process.” Eu v. San Francisco Cty. Democratic Cent. Commt. (1989), 489 U.S. 214, 231, 109 S.Ct. 1013, 103 L.Ed.2d 271. Moreover, “[confidence in the integrity of our electoral processes is essential to the functioning of our participatory democracy.” Purcell v. Gonzalez (2006), 549 U.S. 1, 4, 127 S.Ct. 5, 166 L.Ed.2d 1.
{¶ 42} “Court orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer, that risk will increase.” Id. at 4-5, 127 S.Ct. 5, 166 L.Ed.2d 1. Clearly then, when an election has already started, a decision such as the majority’s will unmistakably cause confusion and disillusionment. See also Westermann v. Nelson (1972), 409 U.S. 1236, 1236-1237, 93 S.Ct. 252, 34 L.Ed.2d 207 (W.O. Douglas, Circuit Justice), denying an injunction to add a candidate’s name to the Arizona ballot:
{¶ 43} “The complaint may have merit. But the time element is now short and the ponderous Arizona election machinery is already under way, printing the ballots. Absentee ballots have indeed already been sent out and some have been returned. The costs of reprinting all the ballots will be substantial and it may well be that no decision on the merits can be reached by the Court of Appeals in time to reprint the ballots excluding petitioners, should they lose on the merits.
{¶ 44} “ * * *
{¶ 45} “On the basis of [the] papers [submitted by the parties] I have concluded that in fairness to the parties I must deny the injunction, not because the cause lacks merit but because orderly election processes would likely be disrupted by so late an action.”
*140 Robert M. Owens, pro se.
Richard Cordray, Attorney General, and Aaron D. Epstein, Richard N. Coglianese, Damian W. Sikora, and Michael J. Schuler, Assistant Attorneys General, for respondent Secretary of State Jennifer Brunner.
Ron O’Brien, Franklin County Prosecuting Attorney, Nick A. Soulas Jr., First Assistant Prosecuting Attorney, and Anthony E. Palmer Jr., Assistant Prosecuting Attorney, for respondent Franklin County Board of Elections.
{¶ 46} Absentee ballots have now been mailed, and voting has commenced. While I believe this ballot involves only one unopposed candidate and may not disrupt the process too much in the number of ballots requested, a ballot in a contested race that would need to be changed after being mailed (and possibly already marked and returned) could wreak serious havoc on our system of orderly elections. This case will now be precedent- should such a scenario arise.
{¶ 47} I strongly urge the General Assembly to examine this issue and impose deadlines or restrictions on future ballot challenges. To allow challenges to continue after ballots have already been printed and mailed is a costly and disruptive result that must be fixed. The majority believes that the current law requires today’s result despite the consequences. I dissent and would hold that the beginning of the voting process terminates this court’s jurisdiction to alter the orderly voting process.